**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC S. GOLDSCHMIDT, et al., | CIVIL ACTION NO. 10-6581 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| IRWIN BODEK, et al., | |
| Defendants. | |

**THE PLAINTIFFS**, Eric S. Goldschmidt and Pamela Goldschmidt ("the Goldschmidts"), bring this action against the defendants, Irwin Bodek and Hylee Bodek ("the Bodeks").  (See generally dkt. entry no. 1, Compl.)  The Goldschmidts allege that in April of 2005 the Bodeks executed a promissory note for $60,000 in favor of the Goldschmidts, who acted as the trustees of the "Goldschmidts and Associates Profit Sharing Plan" ("the Plan").  (Id. at First Count ¶ 6.)  The Goldschmidts allege that the Bodeks thereafter executed a series of fourteen addenda to the promissory note, whereby the Bodeks borrowed an additional $147,500.  (Id. at First Count ¶¶ 11-12.)  The alleged terms of the promissory note and the addenda (collectively, "the Note") are set forth in the Complaint. (See id. at First Count ¶¶ 7-11.)[1]

---

[1] The Goldschmidts allege that they, acting in their individual capacity, reimbursed the Plan and have thus assumed the Plan's rights, title, and interest in the Note. (Compl. at First Count ¶ 17.)

**THE GOLDSCHMIDTS** seek damages under two Counts, which both appear to arise under New Jersey law.  (See generally Compl.; see also dkt. entry no. 17-4, Goldschmidts' Br. (arguing, by reference to New Jersey law for summary judgment in the Goldschmidts' favor and against the Bodeks on all Counts in the Complaint).)  The First Count sounds in breach of contract, and relates to the Note and the Bodeks' alleged failure to remit payments upon it.  (See Compl. at First Count ¶¶ 6-18.)  The Second Count sounds in unjust enrichment, and arises from the same facts as the First Count.  (Id. at Second Count ¶¶ 1-2 (repeating the allegations set forth in the First Count and concluding that "[a]s a result of the foregoing, the Bodeks have been unjustly enriched.").)

**THE GOLDSCHMIDTS** now move for summary judgment in their favor and against the Bodeks on the breach of contract claim and, in the alternative, the unjust enrichment claim.  (See dkt. entry no. 17,, Mot.; see generally Goldschmidts' Br.)  The Bodeks oppose the Motion.  (See generally dkt. entry no. 20, Bodeks' Opp'n Br.)

**THE COURT** will resolve the Motion on the papers and without oral argument pursuant to Local Civil Rule 78.1(b).

**IT APPEARS THAT** the Bodeks have asserted fraud, duress, and undue influence as affirmative defenses to this action.  (See dkt. entry no. 7, Answer, at 3-4.)  It appears further that the allegations cited through their opposition to the Motion support

those affirmative defenses.  (See Bodeks' Opp'n Br. at 1, 3-5 (arguing, inter alia, that the Bodeks "were an elderly couple whose financial situation had grown dire", that the contract between the Bodeks and the Goldschmidts was a sham arrangement, and that the Bodeks would not have accepted the loan but for the Goldschmidts' promises that no demands for payment would be made until after the Bodeks' respective deaths).)

**WHETHER** the Bodeks contracted with the Goldschmidts subject to fraud, duress, or undue influence is a question of fact that must be decided at trial.  See Maynard v. Durham & S. Ry. Co., 365 U.S. 160, 162 (1961) (indicating that questions of "fraud, duress, or undue influence" are questions of fact rather than law); Rutan v. Johnson & Johnson, 231 F. 369, 373 (3d Cir. 1916); Sentinel Ins. Co., Ltd. v. Earthworks Landscape Constr., L.L.C., 24 A.3d 823, 828 (N.J. App. Div. 2011); see also Goldman v. Bequai, 19 F.3d 666, 675 (D.C. Cir. 1994) ("Whether a plaintiff is subject to undue influence is a question of fact . . . and, as Williston notes . . . 'every case is different from every other case, and must depend largely on its own circumstances.'")  The Court will thus deny the Motion insofar as it concerns the First Count.

**THE COURT** earlier noted that the resolution of the Motion, insofar as it concerns the Second Count, turns on whether the contract between the parties was valid.  (See dkt. entry no. 19,

Order to Show Cause at 2-3.)  It appears that the parties do not agree whether they were bound by an express, valid contract.  (Compare Goldschmidts' Br. at 7 (asserting that the parties were bound by an express, valid contract), with Bodeks' Opp'n Br. at 1-5 (arguing, by reference to facts of record, that the contract between the parties rests on facts that may constitute fraud, duress, or undue influence).)  The Court will accordingly deny the Motion insofar as it concerns the Second Count.

    **THE COURT** will issue an appropriate Order.

                                                           s/ Mary L. Cooper
                                                           **MARY L. COOPER**
                                                           United States District Judge

Date:     August 2, 2012